**Marianie Noze JONES, Petitioner,**

v.

**Eric H. HOLDER, Jr.,* United States Attorney General, Respondent.**

No. 08–2498–ag.

United States Court of Appeals, Second Circuit.

Aug. 26, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Douglas B. Payne, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Jessica Segall, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, ROGER J. MINER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Marianie Noze Jones, a native and citizen of Haiti, seeks review of an April 23, 2008 order of the BIA denying her motion to reopen. *In re Marianie Noze Jones,* No. A20 421 613 (B.I.A. Apr. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because Jones is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1182(a)(2) (relating to convictions of crimes of moral turpitude), we lack jurisdiction to review the agency's factual findings and discretionary determinations. *See* 8 U.S.C. § 1252(a)(2)(C). Although we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Jones's challenge to the BIA's determination that her motion to reopen was untimely filed and that she failed to establish eligibility for an exception to the timeliness requirement raises no such argument. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329–30 (2d Cir.2006). Moreover, because the BIA's untimeliness finding as to Jones's motion to reopen is dispositive of her successive applications for asylum, withholding of removal, and CAT relief, this Court need not consider her arguments that she is a member of a particular social group or that she is entitled to protection under CAT. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 153, 155–56 (2d Cir.2008) (holding that an applicant filing a successive application must show changed country conditions if the application is filed after the entry of a final order of removal and beyond the 90–day deadline for a motion to reopen).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.